**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

CEDRIC GREENE                                                                              PLAINTIFF


v.                                            3:26-cv-00041-JM-JJV


FRANK BISIGNANO,
Commissioner,
Social Security Administration,

                                                                                    DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge James M. Moody Jr.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

**I.      INTRODUCTION**

Before the Court is the Commissioner of Social Security's Motion to Dismiss.  (Doc. No. 6.)  The Commissioner moves to dismiss this matter for improper venue and because Plaintiff has failed to state a claim upon which relief may be granted.  Plaintiff has responded.  (Doc. No. 8.)  After careful consideration of the pleadings in this matter, for the following reasons, I find this matter should be dismissed for improper venue.

## II.   BACKGROUND

Plaintiff, Cedric Greene, filed this cause of action *pro se*.  He lives in Los Angeles, California but has filed this case in the Eastern District of Arkansas.  Mr. Greene previously filed a Social Security appeal in the Western District of Missouri because, "During that time, Greene and his common-law had proposed plans to relocate residency to Missouri, but recent sanctions, injunctions, and system bars against Greene have altered those plans. . . ." (Doc. No. 2 at 7.)

The Missouri court dismissed his case finding venue was not proper.  *Greene v. Social Security Administration*, 4:25-CV-00675-W-FJG.  Like the instant case, Mr. Greene told the District Court in Missouri that "he and his spouse have plans to relocate to Missouri." *Id.* at 2.  In dismissing the case, the Court held:

> Thus, venue is not proper in this case. Plaintiff has also requested that the Court transfer this case to the Eastern District of Arkansas as that is where he was born and has family ties. However, plaintiff is not currently residing in Arkansas and states only that his family has suggested that he move to Arkansas. The Court is also doubtful that plaintiff is attempting to challenge a decision of the Social Security Commissioner, as he makes no reference in his Complaint or in his response to the Order to Show Cause to any adverse decision made after a hearing by an Social Security administrative law judge. Thus, the Court declines to transfer the case to the Eastern District of Arkansas.

*Id.* at 4.

## III.   ANALYSIS

The Commissioner moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(3), improper venue.  He submits that 42 U.S.C. § 405(g) provides the "exclusive jurisdictional basis for judicial review." (Doc. No. 7 at 3.)  42 U.S.C. § 405(g), in pertinent part, provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. *Such action shall be brought in the district court of the United States for the judicial district in which*

2

*the plaintiff resides*, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

*Id.* (emphasis added.)

The Commissioner argues that Plaintiff admittedly does not currently reside in Arkansas and does not have his principal place of business here. (Doc. No. 7 at 4.) "Instead, he states that he was born in Arkansas and has 'family ties' to the state. . . . [So] Plaintiff improperly filed his action in the Eastern District of Arkansas [and] has not satisfied the venue provisions of 42 U.S.C. § 405(g)." (*Id.*)

In his Response, Plaintiff points to the 14th Amendment of the United States Constitution and argues, ". . . Arkansas is the state in which one of the Plaintiffs was born, but both Plaintiffs have family ties to the state, and the two have ongoing discussions about future residency in the home state of one of the Plaintiffs. The Government's background submission to the Court also made the Court aware that one of the Plaintiffs has restrictions in various venue locations." (Doc. No. 8 at 2.) Plaintiff goes on to explain that somehow, he is barred from filing this matter in the proper venue, the Central District of California. (*Id.*)

After careful consideration of the pleadings in this matter, I agree with the Commissioner. Plaintiff has failed to meet the venue provisions of 42 U.S.C. § 405(g). I also agree with the Commissioner that dismissal rather than transfer is most appropriate here for the same reasons recited by the District Court in the Western District of Missouri, *supra*. Plaintiff's 14th Amendment arguments are unavailing.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that the Commissioner's Motion to Dismiss be GRANTED and Plaintiff's Complaint be DISMISSED without prejudice for improper venue.

DATED this 6th day of April 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE